IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BERNICE APONTE RODRIGUEZ,
    Plaintiff

    v.

THE U.S. MARSHAL SERVICE, et al.,
    Defendants

Civil No. 04-2195 (PG)

## MAGISTRATE-JUDGE'S REPORT AND RECOMMENDATION

### I.    Factual and Procedural Background

Plaintiff Bernice Aponte-Rodríguez (hereafter "Aponte") brings suit against MVM, Inc., Luis Torres, and other MVM supervisors (hereafter the "MVM Defendants"); the U.S. Marshal Service, the Department of Justice, and Deputy U.S. Marshal César Torres (hereafter the "Federal Defendants"); and Local 72 of the United Government Security Officers of America (hereafter "Local 72"), among other parties. She alleges sexual harassment and retaliation and raises claims under Title VII, 42 U.S.C. § 2000e, *et seq.,* 42 U.S.C. § 1981; 29 U.S.C. § 151 *et seq.*, the Taft-Hartley Act, and 31 P.R. Laws Ann. § 5141, Puerto Rico's general tort statute. All named defendants now move for dismissal (**Docket Nos. 3, 12, 24**). Despite the Court granting an extension of time, counsel for Aponte filed no opposition to the Motion to Dismiss filed by the Federal Defendants, and to date it remains unopposed. *See* Docket No. 31. Plaintiff opposes the motions filed by the MVM defendants and Local 72 (**Docket Nos. 6, 14**).

The pending motions to dismiss were referred to the undersigned Magistrate-Judge for Report and Recommendation (**Docket Nos. 32, 33**).

This is the second go-around for plaintiff. Her first attempt at bringing a claim against the named defendants traveled a tortured procedural road until the case was

finally dismissed. Aponte originally brought this suit in Civil Case No. 01-2716(JAG) on

December 21, 2001, and the history of that case is pertinent to the present case.  The

allegations in Case No. 01-2716(JAG) are identical to the allegations in the present case,

with the exception being that Case No. 01-2716(JAG) was filed by Aponte and Victor

Lebrón-Rios (her spouse), and in the current matter Aponte is the only named plaintiff.

Civil Case No. 01-2716(JAG) proceeded as follows:

1.  Local 72.  On January 28, 2002, Local 72 filed a Motion to Dismiss for insufficiency of process, it was unopposed and the Court granted the motion. On April 5, 2002, Plaintiffs filed a motion for reconsideration and on May 2, 2002,  Local 72 filed a second motion to dismiss.  On July 30, 2002, the Court entered an Order for Plaintiffs to specify within ten days under what section of the Taft-Harley Act the claim was brought against Local 72.  Plaintiffs failed to do so and as a result on August 19,2002, Judgment was entered dismissing with prejudice the claims against Local 72.

2.  MVM Defendants.  On January 30, 2002, the MVM Defendants filed an unopposed motion to dismiss for failure to exhaust administrative remedies. The motion was granted and partial judgment, with prejudice, was entered on April 26, 2002.  However, on May 7,2002, the Court vacated the partial judgment and allowed plaintiffs an opportunity to file a motion for reconsideration wherein they asked the Court to dismiss the Title VII claims, without prejudice.  The Court did not grant the request and dismissed the claims with prejudice on July 30, 2002, for failure to exhaust EEOC requirements.

3.  Federal Defendants.  On April 12, 2002, the Federal Defendants filed a motion to dismiss raising a number of theories for dismissal. The Court dismissed with prejudice the claims brought against the Federal Defendants on July 30, 2002.

4.  Following the entry of the July 30, 2002, Order, on August 12, 2002, Aponte filed a charge of discrimination with the Puerto Rico Anti-Discrimination Unit against her employer MVM, Inc. No other entities or individuals were named in the charge. The EEOC Notice of Charge of Discrimination is dated September 16, 2002.

5.  Final judgment was entered on August 19, 2002, and it dismissed the case with prejudice as to all defendants.  Plaintiffs appealed the dismissal with prejudice of the Title VII claims as to the MVM Defendants and the Federal Defendants.  Plaintiffs did not appeal any other issues raised against the

MVM Defendants and the Federal Defendants, and did not appeal the Order dismissing with prejudice the claims brought against Local 72.

6.      The EEOC issued its right to sue letter on February 7,2003, advising Aponte that she had 90 days from the date of receipt of the notice to file a lawsuit.

7.      On August 14, 2003, the First Circuit vacated the District Court's judgment and remanded the case for entry of an order dismissing the case without prejudice as to the MVM Defendants and for the Court to reconsider the Federal Defendants' Motion to Dismiss. *Lebrón-Ríos v. United States Marshal Serv.,* 341 F.3d 7 (1st Cir. 2003).  Upon remand the Title VII claims raised against  the Federal Defendants and MVM Defendants were dismissed without prejudice. The District Court entered its order on February 26, 2004.

The instant complaint was filed on November 1, 2004. The complaint alleges that on April 25, 2001, plaintiff Aponte was hired by MVM, Inc. (hereafter "MVM"), a private company that provides security personnel to the U.S. Marshal Service in Puerto Rico and elsewhere in the United States. She was assigned to work as a Court Security Officer (hereafter "CSO") at the Puerto Rico federal courthouse.  After being hired Aponte began to receive unwanted sexual overtures from Luis Torres, the MVM site supervisor for the Puerto Rico federal courthouse.  The complaint alleges that  Luis Torres was instrumental in Aponte being hired because, as he told others, "he was very [fond] of her and wanted to go to bed with her, as he has done with some other women assigned to the same job assignment in Puerto Rico with M.V.M., Inc. for many years back."  After she was hired, Aponte was ordered to report to Luis Torres's office for "training."  Instead of  training, Luis Torres asked Aponte to sit near him and repeatedly invited her to share breakfast or lunch. Whenever he saw Aponte, Luis Torres tried to get as physically close as possible. He admired the color of her lipstick and frequently commented on her hair style and makeup.  On one occasion, Luis Torres ran his hands over Aponte's hair and expressed his delight at its softness. On another occasion, he touched the back of her neck.  Aponte

protested his actions and moved to avoid further contact.  Regardless, Luis Torres

persisted and often called her  and asked her to visit his office.

The complaint also alleges that when Luis Torres discovered that Aponte was

romantically involved with someone he was furious, and insisted that he wanted Aponte

to be his "mistress".  Aponte applied for a transfer to the federal district court for the

Virgin Islands, because her husband had been transferred there, but her application was

turned down with no explanation. Aponte alleges that she complained about the alleged

actions to Deputy U.S. Marshal César Torres, the liaison between MVM and the U.S.

Marshal Service, and  as well to her union, Local 72, to no avail.

Finally, Aponte alleges she was a victim of retaliation after she stayed home one day

with her ill husband.  Although she informed her immediate supervisor she would not be

at work, she was punished for her absence with one day off-duty.  After serving her

off-duty penalty, Aponte received a call from MVM ordering her not to report back to

work.

The complaint states that Aponte filed for EEO protection and her request was duly

denied, and the present action is "started neither the time frame of the law."

## II.    Motion to Dismiss

### A.    Legal Standard

#### 1.    Rule 12(b)(1)

Under Rule 12(b)(1) of the Federal Rules of Civil Proceedings, defendants may

move to dismiss an action against them based on the lack of federal subject matter

jurisdiction. *See* Fed.R.Civ.P. 12(b)(1).  Since federal courts have limited jurisdiction, the

party asserting jurisdiction has the burden of demonstrating the existence of federal

jurisdiction. *Sarboso Publ'g, Inc. v. Caiman Records Am., Inc.,* 141 Fed.Supp.2d 224, 226

(D.P.R. 2001) (citations omitted).  In assessing a motion to dismiss for lack of subject-matter jurisdiction, a district court "must construe the complaint liberally, treating all well-pleaded facts as true and drawing all reasonable inferences in favor of the plaintiffs." *Viqueira v. First Bank,* 140 F.3d 12 (1st Cir.1998) (citing *Royal v. Leading Edge Prods., Inc.,* 833 F.2d 1 (1st Cir.1987)).  Additionally, a court may review any evidence, including submitted affidavits and depositions, to resolve factual disputes bearing upon the existence of jurisdiction. *Sarboso Publ'g,* 141 Fed.Supp.2d at 226 *(*citing *Land v. Dollar,* 330 U.S. 731, 734-35 (1947); *Aversa v. United States,* 99 F.3d 1200, 1210 (1st Cir.1996) (citation omitted);  *Baker v. Westin Rio Mar Beach Resort, Inc.,* 194 F.R.D. 393, 395 (D.P.R.2000)). When deciding whether to dismiss a complaint for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1), courts "may consider whatever evidence has been submitted, such as the depositions and exhibits submitted . . . " *Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996).

> ## 2.      Rule 12(b)(6)

In evaluating a motion to dismiss under Fed.R.Civ.P. 12(b)(6), a "court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.,* 534 U.S. 506, 512 (2002) (citation omitted).  The Court accepts the factual allegations in the complaint as true and draws all reasonable inferences from those alleged facts in favor of the pleader. *Gorski v. New Hampshire Dep't of Corr.*, 290 F.3d 466, 473 (1st Cir. 2002) (quoting *Hison v. King & Spalding*, 467 U.S. 69, 73 (1984)).  The Court limits its inquiry to the facts alleged in the complaint, incorporated into the complaint, or susceptible to judicial notice. *See In re Colonial Mortgage Bankers Corp.,* 324 F.3d 12, 15 (1st Cir. 2003);

*Young v. Lepone,* 305 F.3d 1, 11 (1st Cir. 2002) ("The fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations contained within the four corners of the plaintiff's complaint."); *see also Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (courts must limit inquiry to facts stated in complaint, documents either attached to or incorporated into the complaint, and matters of which the court may take judicial notice). Indeed, a "complaint sufficiently raises a claim even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González-Pérez v. Hospital Interamericano De Medicina Avanzada,* 355 F.3d 1, 5 (1st Cir.2004) (citations omitted).

**B.      Title VII**

       **1.      Employers**

The Federal Defendants argue that the complaint asserting Title VII claims against them must be dismissed inasmuch as they are not Aponte's employers. Aponte did not oppose the motion. The Federal Defendants, particularly the U.S. Marshal Service, argue that the complaint does not allege that it is the employer of Aponte or that she receives direct or indirect remuneration from it. Therefore, it contends and argue that the complaint must be dismissed inasmuch as it fails to plead an employer-employee relationship.

The allegations in the complaint are that MVM is a federal contractor with the U.S. Marshal Service. The complaint further alleges that Aponte began working for MVM and that she was assigned as a CSO with the U.S. Marshal Service.

Under Title VII it is unlawful for an employer to engage in unlawful discriminatory employment practice based upon a person's race, color, religion, sex or national origin.

42 U.S.C. § 2000e-2(a).  The U.S. Marshal Service would be considered Aponte's employer if it exercised control over an important aspect of her employment. *See Spirt v. Teachers Ins. & Annuity Ass'n,* 691 F.2d 1054, 1063 (2d Cir.1982), *vacated and rem'd on other grounds,* 463 U.S. 1223 (1983), *reinstated and modified on other grounds,* 735 F.2d 23 (2d Cir.1984) (interpreting the term "employer" under Title VII as "sufficiently broad to encompass any party who significantly affects access of any individual to employment opportunities, regardless of whether that party may technically be described as an 'employer' of an aggrieved individual as that term has generally been defined at common law.") (internal quotation and citations omitted); *Barone v. Hackett,* 602 F.Supp. 481, 483 (D.R.I.1984) (director of State agency that administered disability benefits for State employees liable under Title VII even though agency did not employ the plaintiffs, because "Title VII liability is not limited to the entity which issues pay checks to the employee"); *Baranek v. Kelly,* 630 F.Supp. 1107, 1113 (D.Mass.1986) (state home care agency that had "the 'means and authority' to control discriminatory employment practices" of regional employers was an "employer" under Title VII because it "exercise[d] significant control over an employment situation"). Notably, the District Court for the Eastern District of Pennsylvania had occasion to determine whether for purpose of the ADEA and the Rehabilitation Act, a plaintiff CSO was an employee of the U.S. Marshal Service.  The Court found the plaintiff was an employee of MVM, Inc. and an independent contractor of the U.S. Marshal Service and dismissed the claims for failure to state a claim for which relief could be granted inasmuch as the U.S. Marshal Service was not the plaintiff's employer. *See  McGovern v. MVM, Inc.*, No. CIV-A-04-2541, 2004 WL 2554565 (E.D.Pa.2004).

As noted above, Aponte did not contest the Federal Defendants' Motion to Dismiss. More so, the Complaint does not allege that the U.S. Marshal Service is the employer of Aponte. Finally, case law supports a finding that for the purposes of Title VII, the Federal Defendants are not the employer of Aponte[1]. Therefore, it is RECOMMENDED that the Motion to Dismiss all Title VII claims brought against the Federal Defendants, which remains unopposed, be GRANTED.

### 2.   Improper Party

Alternatively, the Federal Defendants move for dismissal asserting that even assuming there is an employer/employee relationship between the U.S. Marshal Service and Aponte, the only properly named defendant is that of the head of the executive department, here the Attorney General. The Federal Defendants are correct. The proper named defendant in such case has to be the Attorney General.

Pursuant to 42 U.S.C. § 2000e-16(c), Title VII, an employee or applicant for employment with an executive agency who is aggrieved by the agency's final disposition of his complaint of discrimination may bring an action against "the head of the department, agency or unit." Under Title VII  the proper defendant is "the head of the department, agency, or unit, as appropriate." 42 U.S.C. §§ 2000e-16(c).  Courts have consistently interpreted this section to mean that in federal employment discrimination suits under Title VII the only proper defendant is the head of the department, agency or unit against which discrimination is alleged. *See, e.g., Hall v. Small Business Admin.,* 695 F.2d 175, 180 (5th Cir.1983) (in a Title VII action brought against the SBA, only the Administrator of the SBA was a proper defendant because the Administrator is the head of the department); *Dean*

---

[1]Even if the Federal Defendants were Aponte's employer, the Title VII claims would be dismissed for failure to exhaust administrative remedies and as against the individual defendants as such a claim cannot lie as a matter of law.

*v. United States,* 484 F.Supp. 888, 889 (D.N.D.1980) (in a Title VII action brought by a United States Deputy Marshal the only appropriate defendant is the Attorney General in his official capacity because he is the head of the department against which discrimination is alleged).

Assuming that the U.S. Marshal Service and Aponte were in an employer-employee relation, Aponte incorrectly named the proper defendant for a Title VII claim against the U.S. Marshal Service. At this juncture it matters not since as will be discussed, plaintiff has failed to exhaust her administrative remedies and the Title VII claim is now barred. Were it not so, the remedy would be to allow substitution of parties.

     1.    **Exhaustion**

The Federal Defendants, Local 72 and Defendants Luis Torres and Luis Comas individually, and derivatively against their spouse, contend that the Title VII claims must be dismissed for failure to exhaust administrative remedies. As to the individual defendants there is no need to exhaust, since as will be discussed there is no individual liability under Title VII. As to the U.S. Marshal Service[2], it does not appear that Aponte exhausted her administrative remedies.

Before bringing a Title VII complaint in federal court, a federal employee must first exhaust his administrative remedies. *See Brown v. General Services Admin.,* 425 U.S. 820, 832-33 (1976); *Morales v. Mineta,* 220 F.Supp.2d 88, 91 (D.P.R.2002); *Colón v. Federal Deposit Ins. Corp.,* 723 F.Supp. 842, 846 (D.P.R.1989).''Failure to exhaust administrative remedies bars the courthouse door, as courts long have recognized that Title VII's charge-filing requirement is a prerequisite to the commencement of a suit.'' *Lebrón-Rios v. United*

---

[2]This is assuming that the U.S. Marshal is considered the employer of Aponte.

*States Marshal Serv.,* 341 F.3d 7, 14 (D.P.R.2003); *Vizier v. University of P.R.,* 323 F.Supp.2d

256, 262 (D.P.R.2004)(citing *Bonilla v. Muebles J.J. Alvarez Inc.,* 194 F.3d 276, 278 (1st

Cir.1999)).

    For a federal employee to exhaust administrative remedies (assuming there is an

employee/employer relationship), the plaintiff must contact an EEOC counselor within

forty-five days of the allegedly discriminatory incident. 29 C.F.R. §§ 1614.105(a)(1); *see*

*also Velázquez-Rivera v. Danzig,* 234 F.3d 790, 794 (1st Cir.2000)(administrative remedies

had not been exhausted since there had been no contact with an EEOC counselor within

45 days); *Román-Martínez v. Runyon,* 100 F.3d 213, 216-18 (1st Cir.1996)(holding that a

federal employee's failure to contact an EEOC counselor within the limitations period

causes him to lose his right to pursue a later de novo action in court). Failure to do so bars

a plaintiff from bringing a court action based on that incident. *Jensen v. Frank,* 912 F.2d

517, 520 (1st Cir. 1990).

    The U.S. Marshal Service argues that dismissal is proper because Aponte did not

comply with the 45 day requirement. The record reflects that Aponte first contacted the

Puerto Rico Anti-Discrimination unit on August 12, 2002, and the EEOC filed its Notice of

Charge of Discrimination on September 16, 2002. The Charge states that the discrimination

took place from April 25, 2001 until December 17, 2001.  In looking at the last day that the

discrimination allegedly occurred, December 17, 2001, it is evident that Aponte did not

bring the charge within 45 days; rather it was done almost nine months later.  Thus, the

U.S. Marshal Service's Motion to Dismiss Aponte's Title VII claims must be GRANTED,

inasmuch as ,she did not administratively exhaust within the required time.

    Local 72 also moves to dismiss alleging that Aponte failed to exhaust any

administrative remedies as required prior to filing a Title VII claim.  More particularly,

Local 72 contends that it is nowhere named in Aponte's EEOC filing and this is fatal to any claim that may be brought against it pursuant to Title VII.  The undersigned agrees.

Aponte did not identify Local 72 as a respondent in her EEOC complaint, and a plaintiff generally may not maintain a suit against a defendant in federal court if that defendant was not named in the administrative proceedings and offered an opportunity for conciliation or voluntary compliance.  *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 505 (1st Cir. 1996) (citing 42 U.S.C. § 2000e-5(f) ("civil action may be brought against the respondent named in the charge")).

Several exceptions have been recognized as sufficient to confer jurisdiction over defendants in a civil action who were not named in the EEOC charges. *McKinnon v. Kwong Wah Rest.*, 83 F.3d at 505 (citing *Curran v. Portland Super. Sch. Comm.,* 435 F.Supp. 1063, 1074 (D.Maine 1977)). These exceptions are: (1) if there was "substantial identity" between the respondent named in the EEOC charges and defendants in the civil action; (2) if the named respondent acted as the "agent" of the defendant sought to be included in the civil action, at least when the latter defendant had notice of and participated in the conciliation proceedings; and (3) if the defendant is an "indispensable party" under Fed.R.Civ.P. 19 in order to accord complete relief to the parties. *Id.* (citations omitted); *see also Glus v. G.C. Murphy Co.,* 562 F.2d 880, 888 (3d Cir.1977) (in determining if a plaintiff may proceed against parties not named before EEOC, the court should consider whether the plaintiff could ascertain the role of the unnamed party at the time of the EEOC filing; whether the interests of the unnamed party are similar to interests of a named party; the prejudice to the unnamed party; and whether the unnamed party has represented to the plaintiff that its relationship with the plaintiff is through the named party.)

Here, its does not appear that any of the exceptions are met.  More so, it is evident that Aponte could have ascertained the name of Local 72 at the time that she made her EEOC filing.  Hence, she is precluded from prosecuting this civil action against Local 72.

*McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 505 (1st Cir. 1996); *Fernández-Molinary v. Indusrias La Famosa, Inc.*, 203 F.Supp.2d 111, 116-117  (D.P.R. 2004).

Therefore, it is RECOMMENDED that Local 72's Motion to Dismiss the Title VII claims brought against it be DISMISSED given plaintiff's failure to exhaust administrative remedies.

### 4.    Limitation Period

The MVM Defendants and the Federal Defendants move to dismiss the Title VII claims brought against them asserting that the complaint was not timely filed. The undersigned once again agrees.

Aponte received the Equal Employment Opportunity Commission's determination and a 90-day right-to-sue notice on February 7, 2003. This complaint was filed approximately two years later, on November 1, 2004. Compliance with the Title VII time frame for filing a federal suit, 42 U.S.C. §§ 2000e-5(f)(1), is a statutory prerequisite: a complaint must be filed within 90 days of *receipt* of the EEOC right-to-sue letter. "In the absence of a recognized equitable consideration, the court cannot extend the limitation period by even one day." *Rice v. New England Coll.,* 676 F.2d 9, 11 (1st Cir. 1982); *see also Díaz v. Ashcroft,* 324 F.Supp.2d 343 (D.P.R. 2004).

The 90 day limitation period has been found to be non-jurisdictional and is therefore, subject to waiver, estoppel and equitable tolling. *American Airlines v. Cardoza-Rodriguez,* 133 F.3d 111 (1st Cir.1998); *McKinnon v. Kwong Wah Rest.,* 83 F.3d 498 (1st Cir.1996).  The undersigned is mindful that the first action filed by Aponte was pending on appeal during the running and expiration of  the 90 day limitation period.  The right to sue notice is dated February 7, 2003, and the Appellate Court did not issue its order remanding the case until August 14, 2003.  Once the case was remanded the final order dismissing the case without prejudice was not entered by the District Court until February 26, 2004, a little over one year after the right to sue letter was issued. Because of the pending appeal and subsequent remand, equity warrants tolling of the 90 day limitation

period at least until the date that the District Court entered the final order in Civil Case No. 01-2716 (JAG) on February 26, 2004.  Accordingly, as a result of the unique facts of this case Aponte is given the benefit of equitable tolling up until the date the District Court entered its  final order on February 26, 2004.

Unfortunately this does not help Aponte. Rather than immediately filing the present case, she waited until more than nine months, not 90 days,  after the entry of the February 26, 2004, Order before she took action and filed this new case.  No explanation was given by Aponte for this delay. Indeed, Aponte presents no equitable reasons to warrant disregarding the 90-day rule following the issuance of the February 26, 2004 Court Order.

Based upon the foregoing analysis, it is RECOMMENDED that the Title VII claims brought against all named defendants be DISMISSED for failure to file this suit within the required 90 day limitation period.

### 5.    Individual Liability

The MVM Defendants and the Federal Defendants  argue that the claims brought against each personally named defendant (i.e. Luis Torres, Cesar Torres, and Luis Comas) are not viable.  They argue that these defendants cannot be held individually liable under Title VII reason for which the claims brought against them should be dismissed for failure to state a claim upon which relief may be granted. The undersigned also agrees.

As noted time and time again in this district, neither the First Circuit Court of Appeals nor the U.S. Supreme Court has decided whether individual/personal liability attaches to agents or supervisors under Title VII, the Americans with Disabilities Act (ADA), the Age Discrimination in Employment Act (ADEA) or the Rehabilitation Act. *Figueroa-Garay v. Municipality of Rio Grande*, 364 F.Supp.2d 117, 130 (D.P.R. 2005); *Castro-Ortíz v. Fajardo,* 133 F.Supp.2d 143, 150 (D.P.R. 2001). Nonetheless, this District Court continues to follow the majority of federal circuit courts of appeals in holding that no such personal liability may be imposed. *Castro-Ortíz v. Fajardo,* 133 F.Supp.2d at 150-

51 (string citations omitted).   The undersigned is not inclined to disregard the precedent of this District.

Accordingly, it is RECOMMENDED that Defendants' request for dismissal of Plaintiff's Title VII claims brought against defendants Luis Torres, Cesar Torres, and Luis Comas in their individual capacity be GRANTED.

C.      **Executive Order No. 11 246**

The Federal Defendants move for dismissal of the allegations in the complaint that relate to Executive Order 11246.   The jurisdiction section of the Complaint makes no mention of Executive Order 11246, but the Federal Defendants, out of an abundance of caution, move to dismiss any action brought under the same.   Paragraph (h) of the complaint alleges that the U.S. Marshal Service did not comply with Executive Order No. 11246 to Aponte's detriment.

Executive Order 11246 prohibits discrimination on the basis of race, color, religion, sex, or national origin by federal contractors. Exec. Order 11246 § 202, 3 C.F.R. 167, 168 (1965 Supp.), as amended by Exec. Order No. 11375, 3 C.F.R. 320, 321 (1967 Comp.). Executive Order 11246 is administered by the Office of Federal Contract Compliance Programs (OFCCP) in the Department of Labor, and there is a detailed administrative scheme to assure that federal contractors are in compliance with the order. *See e.g.*, *Volvo GM Heavy Truck Corp. v. United States Dep't of Labor,* 118 F.3d 205, 206-07 (4th Cir. 1997). Neither Executive Order No. 11246 nor the regulations implementing it expressly provide a private cause of action in federal court to redress affirmative action violations by an employer. *See Utley v. Varian Associates, Inc.,* 811 F.2d 1279, 1284-85 (9th Cir. 1987); see also *Hernández-Marrero v. Crowley Am. Transp., Inc.*, 206 F.Supp.2d 279 (D.P.R. 2002); *Shekoyan v. Sibley Int'l. Corp.*, 217 F.Supp.2d 59 (D.D.C. 2002).

To assert a judicially enforceable private cause of action directly under an executive order, a plaintiff must show (1) that the President issued the order pursuant to a statutory mandate or delegation of authority from Congress, and therefore the order had the force

and effect of law, and (2) that the order's terms and purpose evidenced an intent to create a private right of action. *Independent Meat Packers Ass'n v. Butz,* 526 F.2d 228, 234-35 (8th Cir.1975). In the absence of such a delegation of authority or mandate from Congress, the President may not act as a lawmaker on his own. *Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579, 587-89 (1952); see also *Centola v. Potter*, 183 F.Supp.2d 403 (D. Mass 2002).

Plaintiff has made no showing that she is entitled to assert a judicially enforceable private cause of action under Executive Order 11246.  In fact, plaintiff made no response at all to the Motion to Dismiss filed by the Federal Defendants.

Accordingly, it is RECOMMENDED that the Motion to Dismiss the claims brought pursuant to Executive Order 11246 be GRANTED.

### D.    Federal Tort Claims Act

The Federal Defendants also move for dismissal of any claim under the Federal Tort Claims Act (hereafter FTCA) asserting that  Aponte has not established a jurisdictional basis for her claim.  They  argue that if plaintiff  intends to proceed under the FTCA she must first exhaust any available administrative remedies claim[3].  This defendants assert, she has not done.

If Aponte's claims are construed as sounding in tort, then she must first proceed administratively against the United States pursuant to the FTCA.  The FTCA provides, in pertinent part:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. . . .

28 U.S.C. § 2675(a).

---

[3]This argument is unnecessary inasmuch as in 01-2716(JAG) the Court dismissed with prejudice the personal tort claims brought under the FTCA against the Federal Defendants.  On appeal the plaintiffs did not argue that dismissal with prejudice was inappropriate.  Accordingly, Aponte is now barred, by reason of *res judicata* from again raising this claim.

This provision bars a plaintiff from bringing suit in federal court until she has exhausted her administrative remedies. *McNeil v. United States,* 508 U.S. 106, 113 (1993). Failure to satisfy this requirement deprives a district court of jurisdiction over a suit instituted by an injured party. *Id.*

The complaint contains no allegations indicating that Aponte made any attempt to exhaust administrative remedies pursuant to the Federal Tort Claims Act.  It is a well settled principle that a federal court has no jurisdiction to hear a cause of action under the FTCA unless the plaintiff has first presented a written administrative claim for a sum certain. *Coska v. United States,* 114 F.3d 319, 323 n. 8 (1st Cir.1997); *Corte-Real v. United States,* 949 F.2d 484, 485-86 (1st Cir.1991).  Considering that it appears that Aponte has failed to comply with this administrative requisite, any claims under the FTCA must be **DISMISSED**.

**E.     42 U.S.C. § 1981**

The MVM Defendants move to dismiss the § 1981 claim for race discrimination contending the complaint fails to state such a claim under this statute[4].  Their position is well taken.

Section 1981 prohibits racial discrimination.  The statute provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory . . . and to the full and equal benefit of all and proceedings. . . as is enjoyed by white citizens. . . ."  42 U.S.C. § 1981.  A review of the Complaint reveals it contains no allegations of race discrimination nor does it refer to any act of race discrimination by any of the named defendants.

Therefore, it is RECOMMENDED that the Motion to Dismiss the 42 U.S.C. § 1981 claim be GRANTED.

---

[4]This argument is unnecessary inasmuch as in 01-2716(JAG) the Court dismissed with prejudice the § 1981 claims brought against the MVM Defendants and the Federal Defendants. On appeal the plaintiffs did not argue that dismissal with prejudice was inappropriate. Accordingly, Aponte is now barred by reason of *res judicata* from again raising this claim.

### F.    National Labor Relations Board Jurisdiction

Local 72 moves for dismissal asserting that because the complaint alleges an unfair labor practice against a union, the National Labor Relations Board has exclusive jurisdiction to hear the matter, pursuant to 29 U.S.C. 160.   Aponte responds that she went to the National Labor Relations Board and the agency did not rule on her request.   The complaint, however, makes no such allegation.

It is well-settled that the National Labor Relations Board enjoys primary jurisdiction over disputes involving unfair labor practices or representational issues. *See Tamburello v. Comm-Tract Corp.,* 67 F.3d 973, 976 (1st Cir. 1995) (discussing how the "NLRA vests the NLRB with primary jurisdiction over unfair labor practices"). It is also a "'well entrenched general rule'. . .that 'the fact that a particular activity may constitute an unfair labor practice under section 8 of the LMRA, 29 U.S.C. § 158, does not necessarily preclude jurisdiction under section 301 of the [LMRA] if that activity also constitutes a breach of the collective bargaining agreement.'" *Newspaper Guild of Salem, Local 105 of Newspaper Guild v. Ottaway*, 79 F.3d 1273, 1283 (1st Cir. 1996) (citations omitted).

Here it appears that Aponte may be alleging both an unfair labor practice and a breach of a collective bargaining agreement.  In such a case the District Court can share "concurrent jurisdiction". Nonetheless, primary jurisdiction lies with the National Labor Relations Board, and any claims Aponte attempts to bring under such theories are better adjudicated in that forum. *See Id.*

Therefore, it is RECOMMENDED that the Motion to Dismiss be GRANTED as to any claim wherein primary jurisdiction properly lies with  National Labor Relations Board.

### G.    Res Judicata

Both the Federal Defendants and Local 72 move to dismiss the complaint on the basis of res judicata.  Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating claims that were raised

or could have been raised in that action." *Breneman v. United States ex rel. F.A.A.,* 381 F.3d 33, 38 (1st Cir. 2004) (citation omitted). *Res judicata* applies when there is: "(1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." *Id.* This doctrine, also known as claim preclusion, serves the purpose of "reliev[ing] parties of the cost and vexation of multiple lawsuits, conserv[ing] judicial resources, and. . .encourag[ing] reliance on adjudication." *Id.* (quoting *Allen v. McCurry,* 449 U.S. 90, 94 (1980)).

> a.   **Federal Defendants**

The Federal Defendants contend that the February 26, 2004, Order issued in Civil Case No. 01-2716(JAG) is a judgment on the merits for the purpose of res judicata. However, the record evinces that the February 26th Order and Judgment provided for the dismissal of the case as to the Federal Defendants, *without prejudice,* and the Order related only to the Title VII claims brought against the Federal Defendants by the plaintiffs[5].

In the First Circuit, "the phrase 'without prejudice,' when attached to a dismissal order, is. . . to be read. . .as a signification that the judgment does not preclude a subsequent lawsuit on the same cause of action either in the rendering court or in some other forum." *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 628 (1st Cir.2000).  There is no getting around to the fact that the February 26th Order and Judgment dismissed without prejudice the Title VII claims brought against the Federal Defendants.

It is therefore RECOMMENDED that the Federal Defendants' Motion to Dismiss on the basis of *res judicata* as to the Title VII claims brought against them be DENIED.  This

---

[5]Interestingly, the Federal Defendants make no reference to the fact that the *only* issue raised on appeal by Aponte was that challenging the dismissal with prejudice of the Title VII claims. *Lebrón-Ríos*, 351 F.3d at 12.  The District Court previously dismissed with prejudice the claims brought under 42 U.S.C. 1981 and the Federal Tort Claims Act. See Civil No. 01-2716(JAG), Docket No. 34.  Dismissal with prejudice of these two claims was not appealed.

denial is not fatal, however, since it has been recommended that all claims brought against the Federal Defendants be dismissed on other grounds.

> **b.    Local 72**

Local 72 contends that the claims brought against it pursuant to the Taft-Hartley Act, should be dismissed inasmuch said claims were previously dismissed with prejudice by this Court in Civil Case No. 01-2716(JAG).   Aponte argues that the claims against Local were dismissed without prejudice by way of an the Amended Judgment entered in Civil Case No. 01-2716(JAG) on February 26, 2004.

In Civil Case No. 01-2716(JAG) the Court gave Aponte a time certain to advise it under what section of the Taft-Hartley Act she was proceeding as against Local 72.  Aponte did not comply with the deadline and as a result on August 15, 2002, the Court dismissed the claims with prejudice as it was the only claim remaining in the case.  *See* Civil Case 01-2716(JAG), Docket No. 37.  When Aponte filed her appeal to the U. S. Court of Appeals for the First Circuit, she did not appeal this aspect of the lower court proceedings. In fact, the appellate court specifically stated, "When the plaintiffs failed to respond within the allotted ten days, however, the court entered judgment in favor of Local 72.  Plaintiffs *do not appeal* this aspect of the district court's decision. *Lebrón-Ríos v. United States Marshal Servi.*, 341 F.3d 7, 11 n. 3 (1st Cir. 2003) (Court's emphasis).

Upon remand, the District Court addressed dismissal only as to the Title VII claims brought against the  MVM Defendants and the Federal Defendants.  The Order granting dismissal without prejudice at Docket No. 42 was for the Title VII claims as to those defendants, and those claims and defendants only.  *Id.* at Docket No. 42. Local 72 is nowhere mentioned in the February 26, 2004 Order.  Additionally, the Amended Judgment specifically refers to "the Order entered today" when it dismissed the case without prejudice on February 26, 2004. *Id.* at Docket No. 43.  Clearly, "the Order entered today" refers to Docket No. 42 and no other Order.

Inasmuch as Aponte failed to advise the Court under what section of the Taft-Hartley Act she proceeded, it is evident that the dismissal by the Court was based upon her failure to state a claim.  Dismissal for failure to state a claim has long been recognized as a "judgment on the merits." *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 399 n.3 (1981).  It is well settled in this circuit that dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a final decision on the merits.  *Acevedo-Villalobos v. Hernández,* 22 F.3d 384, 388 (1st Cir.1994).

The Order and Judgment entered on August 15, 2002, in favor of Local 72, dismissing the matter with prejudice, precludes the relitigation of the Taft-Hartley claim brought by Aponte in the case at bar.  It is a final judgment on the merits.  Indeed, the appellate court took great care to point out that the Taft-Hartley claim had not been appealed.  The other two requisites are also met;  the parties are identical and the claim is identical.

Therefore, it is RECOMMENDED that Local 72's Motion to Dismiss on the basis of *res judicata* be GRANTED.

### H.    Supplemental State Claims

#### 1.    Federal Enclave Jurisdiction

The MVM Defendants move for dismissal of all state claims brought by Aponte - under Law 17 and Section 5141 of the Puerto Rico Tort Claim Act – asserting that any state claims are barred by federal enclave jurisdiction.

"A federal enclave is territory which has been transferred by a state through cession or consent to the United States and over which the federal government has acquired exclusive jurisdiction." *Osburn v. Morrison Knudsen Corp.,* 962 F.Supp. 1206, 1208

(E.D.Mo.1997). Clearly, this includes a federal courthouse[6]. State laws adopted after cession of property as a federal enclave "are without force or effect on the federal enclave." *Lord v. Local Union No.2088, Int'l Bhd. of Elec. Workers, AFL-CIO,* 646 F.2d 1057, 1060 (5th Cir., June 4, 1981); *Celli v. Shoell,* 995 F.Supp. 1337, 1341-46 (D.Ut.1998) (state laws not enacted at time of cession of air force base were not applicable to employees of private employer at base); *Miller v. Wackenhut Servs., Inc.,* 808 F.Supp. 697, 699-700 (W.D.Mo.1992) (state antidiscrimination laws not applicable to employee of private contractor on federal enclave); *see also George v. UXB Int'l, Inc.,* No. C-95-20048-JW, 1996 WL 241624, at *3-*4 (N.D.Ca. May 3, 1996) (state wage and hours legislation not applicable to employment of employees of private contractor performing work at federal enclave).

Plaintiff alleges two claims under Puerto Rico law.   The tort claim is brought pursuant to 31 P.R. Laws Ann. 5141 which came into effect in 1930 and was amended in 1956.   The other claim, Law 17, 29 P.R. Laws Ann. 155  was promulgated in 1988.  The undersigned cannot determine if the claims under Puerto Rico law as plead by Aponte are inapplicable to the federal enclave of the U.S. District Courthouse.  The Court does not have before it the date that the United States accepted and exercised control over the area where the alleged actions took place at the U.S. Federal Courthouse located at 150 Carlos Chardón Avenue, San Juan, Puerto Rico.

Based upon the foregoing, it is RECOMMENDED that the Motion to Dismiss asserting federal enclave jurisdiction be DENIED.  Nonetheless, it has been recommended that the claims brought pursuant to Law 17 and the Puerto Rico tort claim should be dismissed on other grounds.

---

[6]Federal criminal law provide guidance regarding federal enclave jurisdiction within a federal courthouse. The federal enclave laws are a group of statutes that permits the federal courts to serve as a forum for the prosecution of certain crimes when they occur within the '[s]pecial maritime and territorial jurisdiction of the United States', 18 U.S.C. § 7; this jurisdiction includes federal land, and property such as federal courthouses and military bases. *United States v. Markiewicz,* 978 F.2d 786, 797 (2d Cir.1992)

### 2.    Individual Liability under Law 17

Luis Torres and Luis Comas move to dismiss the supplemental state claims brought against them individually on the basis that Puerto Rico anti-discrimination statute, Law 17, does not provide for a cause of action against individual defendants. Their position is well-taken.

Considerable authority construing Law 17 and the closely analogous Law 100 suggests that Law 17 does not support a cause of action against individual defendants. See *Maldonado-Cordero v. AT&T,* 73 F.Supp.2d 177, 184 (D.P.R. 1999) (holding that there is no individual liability under Law 100); *Canabal v. Aramark Corp.,* 48 F.Supp.2d 94, 98-99 (D.P.R. 1999) (deciding that neither Law 17 nor Law 100 allow individual liability); *Santiago v. Lloyd,* 33 F.Supp.2d 99, 104-05 (D.P.R. 1998) (holding that although the Puerto Rico courts have not addressed the issue, Law 17 and Law 100 do not support a cause of action against individual defendants); *García-Pantoja v. General Instruments, Inc.,* 1996 WL 790102, * 1 (D.P.R. 1996) (finding that neither Law 17 nor Law 100 provide for individual liability).

The precedent of this District leads to the conclusion that there is no personal liability under Puerto Rico Law 17. It is therefore RECOMMENDED that the Motion to Dismiss the supplemental state claims brought against Luis Torres and Luis Comas, individually, be GRANTED.

### 1.    Supplemental Puerto Rico Claims

The MVM Defendants also move to dismiss all supplemental state claims brought by Aponte should the Court dismiss the federal claims brought by her.

As a general rule, where the district court dismisses the federal claims before trial, the court should dismiss the state law claims without prejudice. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726 (1966); *Rodríguez v. Doral Mortgage Corp.,* 57 F.3d 1168, 1177 (1st Cir. 1995). Here, the undersigned has recommended that dismissal as to all of the federal claims brought against by Aponte. Accordingly, it is RECOMMENDED that any supplemental state claims, be dismissed, without prejudice.

### III.   CONCLUSION

**IT IS THEREFORE RECOMMENDED** as follows:

–   that Defendants MVM, Inc., Luis Torres, María Cortés, Luis Comas, and Cristinia Pagán's Motion to Dismiss (**Docket No. 3**) be **GRANTED**;

–   that Defendant Local 72 of the United Government Security Officers of America's Motion to Dismiss (**Docket No. 12**) be **GRANTED**; and

–   that the U.S. Marshal Service, the U.S. Department of Justice, and Mr. César E. Torres-Cabrera's Motion to Dismiss (**Docket No. 24**) be **GRANTED**.

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(a) of the Local Rules of Court.  Any objections to the same must be specific and must be filed with the Clerk of Court **within ten (10) days** of notice.  Rule 72(d), Local Rules of Court; Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the Report and Recommendation waives the right to review by the District Court, and waives the right to appeal the District Court's order.  *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986*); Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir. 1980).  The parties are advised that review of a Magistrate-Judge's Report and Recommendation by a District Judge does not necessarily confer entitlement as of right to a *de novo* hearing and does not permit consideration of issues not raised before the Magistrate-Judge.  *Paterson-Leitch v. Massachusetts Elec.*, 840 F.2d 985 (1st Cir. 1988).

**SO RECOMMENDED.**

At San Juan, Puerto Rico, on this 8th day of September, 2005.

S/**AIDA M. DELGADO-COLON**
**U.S. Magistrate-Judge**